## CIRCUIT COURT OF FAIRFAX COUNTY

Surfa-Shield Corp.

v.

Exal Window Co. et al.

May 23, 1995

Case No. (Law) 138641

BY JUDGE M. LANGHORNE KEITH

This matter came on for a *de novo* hearing on May 18, 1995, on appeal from a decision from the General District Court, dismissing Plaintiff's action for a breach of a Joint Purchasing and Marketing Agreement dated October 9, 1992 (the "Agreement") for lack of personal jurisdiction over Defendants. After consideration of the evidence and the Memoranda of Points and Authorities submitted by counsel, the Court is of the opinion that it lacks personal jurisdiction over the Defendants for the reasons stated below.

Mr. William Bagshaw testified that he and his family started a home improvement business ("Exal") in Painesville, Ohio, about ten years ago. In the fall of 1992, one of Exal's suppliers invited Exal to a sales seminar in Ohio which featured a presentation by Surfa-Shield Corporation. Surfa-Shield, according to the testimony of its president, Mr. Jeff Davis, is a company, headquartered in Fairfax, that provides proprietary marketing information, sales aids, home-improvement products, business forms, and other business know-how to companies such as Exal that agree to become "members" of the Surfa-Shield cooperative organization. After listening to the presentation by Surfa-Shield's representative, Mr. Rick Gross, Exal executed the Agreement in Ohio. The Agreement was countersigned by Mr. Gross who then forwarded the Agreement to Surfa-Shield's Fairfax headquarters for execution by Surfa-Shield. The Agreement provided that it was not binding until it was signed by "the properly authorized company [Surfa-Shield] officers or agents at the Company offices which is the place where this Agreement has been formally executed." Mr. Gross was a re-

gional representative of Surfa-Shield and operated either out of Indiana or Kentucky. After the Agreement was fully executed, Exal received Surfa-Shield services from Mr. Gross and another Surfa-Shield regional representative located in New England. Exal telephoned to Fairfax in connection with orders for Surfa-Shield business forms and on two occasions ordered Surfa-Form shingles, again via telephone from Ohio to Fairfax. The shingles, however, were located in an Ohio warehouse leased by Surfa-Shield, and delivery of the shingles was effected from the Ohio warehouse to Exal in Ohio. The shingles, business forms, and other marketing material ordered by Exal were paid for and are not the subject of this litigation.

The Agreement called for Exal to make a monthly contribution to Surfa-Shield's administrative cost fund and to purchase a minimum amount of "product." If the minimum was not achieved, the Agreement required Exal to pay a membership fee of up to $300 per month. It is the alleged failure of Exal to make the payments called for under the Agreement that is the basis for this lawsuit.

Contemporaneously with Exal's execution of the Agreement, Mr. Bagshaw signed a document purporting to personally guarantee Exal's obligations under the Agreement. That document (the "Guarantee") provided in part that "This agreement is deemed to be made and performed in the State of Virginia, and its terms and conditions shall be governed and construed according to the laws of that state . . . ." Mr. Bagshaw is also a named defendant.

The only time a representative of Exal came into Virginia was when Mr. Bagshaw and his wife attended a Surfa-Shield presentation in northern Virginia on a new product being touted by Surfa-Shield. This presentation had to do with a proposed home maintenance operation that was not part of the scheme covered by the Agreement. Exal decided not to participate in this proposal.

Surfa-Shield relies on Virginia's long-arm statute, § 8.01-328.1 in arguing that it can properly assert personal jurisdiction over Exal and Mr. Bagshaw. Surfa-Shield correctly argues that the determination of personal jurisdiction requires a two-part analysis. First, it must be determined whether the statutory language permits service of process on the Defendants, and if it does, whether the exercise of personal jurisdiction offends due process.

While it is true that Virginia's long-arm is a single act statute, *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 740 (1971), § 8.01-328.1 does

require that the cause of action arise out of that single act. Here, the only visit Defendants made to Virginia was to hear a pitch from Surfa-Shield for a new service, unconnected to the Agreement, and therefore that visit cannot provide a basis for personal jurisdiction. *See, City of Virginia Beach v. Roanoke River Basin*, 776 F.2d 484 (4th Cir. 1985). The telephone conversations from Exal in Ohio to Surfa-Shield in Fairfax likewise are not sufficient, without more, to confer personal jurisdiction, *Superfos Investments Limited v. Firstmiss Fertilizer, Inc.*, 774 F. Supp. 393 (E.D. Va. 1991).

And even if Exal's contacts satisfied the requirements of § 8.01-328.1, the exercise of personal jurisdiction over these defendants would offend traditional notions of fair play and substantial justice. Here, Surfa-Shield's representative *went to Ohio to recruit Exal into the Surfa-Shield cooperative.* Thus neither Exal nor Mr. Bagshaw purposefully availed themselves of the privilege of conducting business activities within Virginia and did not depart from a passive buyer role. *See, General Electric Co. v. Rose International, Inc.*, 475 F. Supp. 602 (W.D. Va. 1979).

Finally, the language in the Agreement and in the Guarantee relied on by Surfa-Shield cannot fairly be construed as the kind of forum selection clauses approved by the Supreme Court in *Paul Business Systems v. Canon U.S.A., Inc.*, 240 Va. 337 (1990). At most, the language relied upon by Surfa-Shield establishes Virginia law as the law to be applied to these agreements.